UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABDALAZEEZ MOHAMED HAMZA BASIL,[1]

    Petitioner,

  v.

BUFFALO FEDERAL DETENTION FACILITY,

    Respondent.

**DECISION AND ORDER**

6:26-CV-6155 EAW

---

## <u>INTRODUCTION</u>

Abdalazeez Mohamed Hamza Basil ("Petitioner") is a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York.  Petitioner, who is under a final order of removal, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. 1).  Petitioner claims that his continued detention without an individualized bond hearing violates his Fifth Amendment due process rights.  (*Id.* at 6-7, ¶ 13).  The Court temporarily enjoined Respondent from transferring Petitioner outside the Western District of New York during the pendency of this matter.  (Dkt. 2).

Respondent has moved to dismiss the petition as premature.  (Dkt. 6).  On May 18, 2026, Respondent filed a letter request to lift the stay because a deportation flight to Uganda had been scheduled for Petitioner in the next few weeks.  (Dkt. 14).  For the reasons set forth below, the Court grants Respondent's motion to dismiss (Dkt. 6) and dismisses the

---

[1]  The Clerk of Court is directed to amend the caption to conform the spelling of Petitioner's name to the above.

petition (Dkt. 1) without prejudice with leave to renew.  The Court also terminates the stay. (Dkt. 2).

## BACKGROUND

Petitioner is a citizen and national of Sudan.  (Dkt. 12 at 2).  Petitioner entered the United States around August 2024, at an unknown location.  He was taken into custody by Immigration and Customs Enforcement ("ICE") on July 28, 2025. (*Id.* at 3).  On December 17, 2025, Immigration Judge Brian Counihan ("the IJ") issued a removal order (Dkt. 12-1 at 3-6) finding that Petitioner was inadmissible under Immigration and Nationality Act ("INA")  §§ 212(a)(6)(A)(i)  and  212(a)(7)(A)(i)(I).    (Dkt. 12-1 at 3).    Petitioner's applications for asylum, withholding of removal under INA § 241(b)(3), and withholding and deferral of removal under the Convention Against Torture ("CAT") were denied.  (*Id.*). The IJ ordered Petitioner to be removed to Uganda.  (*Id.* at 5).

Petitioner's appeal of the IJ's order was due January 16, 2026.  (*Id.* at 6).  Petitioner did not pursue an appeal because his immigration attorney allegedly abandoned him.  (Dkt. 1 at 3 ¶ 8(b)).  The removal order became administratively final on January 17, 2026.  (Dkt. 12 at 4 (citing 8 C.F.R. § 1241.1(c)).

On January 21, 2026, Petitioner filed the instant § 2241 petition.  (Dkt. 1 at 8).  On February 9, 2026, the Court directed Respondent to answer the petition "within 21 days of the date of this Order," (Dkt. 5 at 1), *i.e.*, by March 2, 2026.

On March 24, 2026, Respondent filed a motion to dismiss the petition for failure to state a claim (Dkt. 6) and a memorandum of law in support (Dkt. 6-1).  That same day, the

Court issued a text order directing Respondent to explain its failure to comply with the February 9, 2026 scheduling order.  (Dkt. 7).

Later that same day, Respondent's counsel filed a letter in response, stating that the docket text of the scheduling order mistakenly stated that Respondent's answer was due within 45 days of the date of the order (Dkt. 8 at 2), which conflicted with the text of the order indicating that the answer was due within 21 days (Dkt. 5).  Although the docket text originally contained an error,[2] it also advised, in bold red text, "This docket text may not contain the entire contents of the attached Order.  It is your responsibility to read the attached Order and download it for future reference.  Direct any questions to the Chambers of the Judge who entered this Order."  (Dkt. 8 at 2 (emphasis in original)).  Respondent's counsel evidently did not review the contents of the attached order as directed in the docket text.  In any event, the Court issued a scheduling order stating that Petitioner's response to the motion to dismiss was due no later than April 21, 2026, and Respondent's reply was due no later than April 28, 2026.  (Dkt. 9).

Meanwhile, the ICE Buffalo Field Office Director reviewed Petitioner's custody status pursuant to 8 C.F.R. § 241.4 on April 16, 2026.  (Dkt. 12-1 at 11-14).  The Field Office Director noted that although the Department of Homeland Security ("DHS") did not possess a valid travel document at that time, Petitioner had provided ICE with limited evidence of his equitable ties to the United States.  (*Id.* at 11).  The Field Office Director

---

[2]     Although the docket text originally stated that Respondent's answer was due within 45 days, that text was modified to correct the time period to 21 days.  (Dkt. 5).  Apparently Respondent's counsel did not receive notice of that correction.

continued Petitioner's detention because he had not demonstrated that, if released, he will not pose a significant risk of flight pending his removal. (*Id.*).

Counsel appeared on Petitioner's behalf on April 14, 2026 (Dkt. 11), and filed a response in opposition to the motion to dismiss (Dkt. 12) along with exhibits (Dkt. 12-1).

Respondent filed a letter with the Court on May 18, 2026, stating that Petitioner was "scheduled for a removal flight within the next two weeks," which would provide him with the relief sought in the petition, "release from detention." (Dkt. 14 at 1). Respondent therefore "request[ed] that the stay of transfer and stay of removal in this case be lifted immediately." (*Id.*).

The Court issued a scheduling order as to the motion to lift the stay. (Dkt. 15). Petitioner, through counsel, timely responded. (Dkt. 16, Dkt. 16-1). Petitioner contends that the equities favor maintaining the stay while the Court decides the habeas petition because of the active outbreak of the Ebola virus in Uganda. (Dkt. 16 at 2). Petitioner also notes that the government paused deportation flights to the Democratic Republic of Congo ("DRC"), which shares a border with Uganda, on May 21, 2026, because of the Ebola outbreak. (*Id.* at 3 (citing Dkt. 16-1 at 3-4)).[3] Petitioner does not assert that deportation flights to Uganda have been paused, and this Court has been unable to find any information suggesting that is the case.

---

[3]    According to the Centers for Disease Control ("CDC") website, as of June 8, 2026, the DRC Ministry of Health has reported 689 confirmed cases of Ebola, while the Uganda Ministry of Health has reported 19 confirmed cases. *See* https://www.cdc.gov/ebola/situation-summary/index.html (last accessed June 14, 2026).

**DISCUSSION**

## I.    Jurisdiction

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).

In the immigration context, "recent Second Circuit precedent firmly establishes that [a district] [c]ourt can hear and decide Section 2241 habeas petitions brought by individuals in immigration detention, so long as the petitions challenge the constitutionality of the petitioners' detention rather than the underlying removal proceedings." *L.G.M. v. LaRocco*, 788 F. Supp. 3d 401, 404 (E.D.N.Y. 2025) (quoting *Ozturk v. Hyde*, 136 F.4th 382, 399-400 (2d Cir. 2025) (finding petitioner's First and Fifth Amendment challenges to her detention distinct from challenges to her removal proceedings and therefore properly within the district court's jurisdiction) (collecting cases); citing *Mahdawi v. Trump*, 136 F.4th 443, 452 (2d Cir. 2025) (same)).

Petitioner's § 2241 petition challenges the constitutionality of his continued detention in Respondent's custody. Therefore, the Court has subject matter jurisdiction over this case.

## II.    Due Process Claims

Petitioner contends that his ongoing detention without a bond hearing or release under conditions of supervision violates his due process rights under the Fifth Amendment. Before addressing this claim, the Court must determine the statutory basis for Petitioner's detention. There does not appear to be any dispute that Petitioner is subject to a final removal order and is detained pursuant to 8 U.S.C. § 1231. Section 1231 "authorizes detention 'when an alien is ordered removed' and enters the 'removal period,' which begins on '[t]he date the order of removal becomes administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021) (alteration in original) (quoting 8 U.S.C. §§ 1231(a)(1)(A)-(B)).

The next question is which subsection of § 1231 governs Petitioner's detention currently. Section 1231(2)(A) provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" during which time "the Attorney General *shall* detain the alien." *Id.* (emphasis supplied).

The 90-day mandatory detention period begins on the "date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Once the 90-day mandatory detention period ends, § 1231(a)(3) provides that "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

However, the government may continue the detention of a noncitizen under certain circumstances as provided in 8 U.S.C. § 1231(a)(6):

(6) Inadmissible or criminal aliens:

- 6 -

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title *or* who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained* beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphases supplied).

Where, as here, the government continues to detain the noncitizen beyond the removal period pursuant to § 1231(a)(6), such detention is "limit[ed]. . . to a period reasonably necessary to bring about that alien's removal from the United States," *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), and the detention is deemed "presumptively reasonable" for a period of six months, *see id.* at 701. If, after this six-month period, the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

The presumptively reasonable six-month period, which began on January 16, 2026, will expire on July 16, 2026.[4]  As of the date of this Decision and Order, Petitioner has been detained under Section 1231 for just about five months, and his detention remains within the six-month period recognized in *Zadvydas* as "presumptively reasonable—and, indeed, constitutional—by the Supreme Court." *Davis v. Garland*, No. 24-CV-223-LJV, 2024 WL 3361799, at *5 (W.D.N.Y. July 10, 2024).  Thus, any claim that his detention

---

[4]     "Persuasive authority" within this Circuit "interprets the six-month presumptively reasonable period of detention under *Zadvydas*" to begin "after the entry of a final order of removal" (and so includes the 90-day mandatory detention period). *See*, *e.g.*, *Mitchell v. Wolf*, No. 20-CV-1183 (JLS), 2021 WL 1516450, at *5 n.2 (W.D.N.Y. Apr. 15, 2021) (citations omitted).

under Section 1231 has been unduly prolonged in violation of his substantive or procedural due process rights is premature under *Zadvydas*. *See, e.g.*, *Blanco v. Nielsen*, No. 1:18-CV-01162 EAW, 2019 WL 4688977, at *4 (W.D.N.Y. Sept. 26, 2019) (finding that immigrant detained under Section 1231 had not shown substantive or procedural due process violations and that petition was premature because the presumptively reasonable six-month period in *Zadvydas* had not yet expired (citing, *inter alia*, *Singh v. Barr*, No. 19-CV-732, 2019 WL 4415152, at *5 (W.D.N.Y. Sept. 16, 2019) (holding that immigrant's habeas petition was premature because he had not been detained under Section 1231 for 180 days); *Frederick v. Feeley*, No. 19-V-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (finding that to the extent the immigrant was detained under Section 1231(a)(6), his habeas petition was premature because the six-month period had not expired))); *Davis v. Garland*, No. 24-CV-223-LJV, 2024 WL 3361799, at *5 (because it had been less than five months since the removal period under Section 1231(a) began to run, immigrant's due process claims were premature (citing *Blanco*, 2019 WL 4688977, at *4)).  Because Petitioner's detention has not exceeded the presumptively reasonable six-month period, the petition is premature.  Accordingly, the Court grants Respondent's motion to dismiss the petition as premature.

The dismissal is without prejudice with leave to renew after the six-month period has expired upon a showing of "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701. If the government fails to meet the burden of rebutting that evidence, the noncitizen must be released.  *See id.* at 699 ("[O]nce removal is no longer reasonably foreseeable, continued

detention is no longer authorized by statute."). Therefore, if Petitioner's detention continues beyond the presumptively reasonable six-month period, he may again seek relief in federal court by filing a new petition for a writ of habeas corpus.

**CONCLUSION**

For the reasons discussed above, the Court grants Respondent's motion to dismiss the petition (Dkt. 6) and dismisses the petition (Dkt. 1) without prejudice.[5] In light of the dismissal of the petition, there is no longer any basis for continuing the stay of transfer. Accordingly, the stay (Dkt. 2) is terminated.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      June 15, 2026
            Rochester, New York

---

[5]      "A COA [certificate of appealability] is not required to appeal the dismissal of a § 2241 petition." *Franklin v. Hudson*, 579 F. App'x 50, 51 (2d Cir. 2014) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)).